UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RICKY ANTONIO JOHNSON,

        Plaintiff,

v.                                                     Case No.: 6:25-cv-1234-WWB-LHP

ALLY FINANCIAL INC.,

        Defendant.
_____/

## ORDER

THIS CAUSE is before the Court on Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 6) wherein Plaintiff seeks a temporary restraining order and thereafter a preliminary injunction enjoining Defendant and "any officers, attorneys, agents, representatives, or private or governmental actors" from seizing Plaintiff's personal property, or from enforcing any judgment or orders in the parties' state court action. (*Id.* at 1–2).

Plaintiff Ricky Antonio Johnson alleges that Defendant has engaged in a "systematic campaign of harassment, constitutional violations, and legal abuse" in initiating a replevin action in Florida state court. (Doc. 1 at 3). Specifically, Plaintiff alleges that he purchased an automobile from nonparty Off Lease Only LLC. (*Id.* at 5). On September 7, 2023, Off Lease Only LLC initiated bankruptcy proceedings under Chapter 11 of the United States Bankruptcy Code. (*Id.* at 4–5). Despite alleging that he is not a party to the bankruptcy proceedings, Plaintiff alleges Defendant wrongfully sought replevin of his automobile in the County Court in and for Seminole County, Florida, Case No. 2025-CC-1579, in violation of the automatic stay under 11 U.S.C. § 362(k). (*Id.* at 5–

6). Plaintiff accordingly brings this suit, alleging claims for violation of the automatic stay under 11 U.S.C. § 362(k); violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692(d); discrimination under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132, *et seq.*; a "Civil Rights Violation" under 42 U.S.C. § 1983; conspiracy to interfere with civil rights under 42 U.S.C. § 1985; "Fraud on the Court and Procedural Abuse"; "Abuse of Florida Replevin Statutes and Police Powers"; "Emotional Distress and Psychological Trauma"; and violation of his right to a jury trial under the Seventh Amendment. (*Id.* at 6–14).

Pursuant to Federal Rule of Civil Procedure 65(b), a district court may issue a temporary restraining order "without written or oral notice to the adverse party" if the requesting party provides "specific facts . . . [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." To obtain a temporary restraining order, the movant must establish: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005). Additionally, the moving party must present facts and evidence stating why "notice is impractical." M.D. Fla. R. 6.01(b)(2).

The Court concludes that at this juncture, Plaintiff's Motion fails. As an initial matter, Plaintiff fails to present facts or identify evidence stating why notice to defendants is impractical as required by Local Rule 6.01(b)(2). Similarly, although Plaintiff certifies that he "has attempted to give notice to Defendant's counsel," he has failed to identify or

2

describe his efforts, or to explain, beyond mere conclusory statement, why notice should not be required under Federal Rule of Civil Procedure 65(b)(1)(B). The Court could deny the Motion on these grounds, but both the Complaint and the Motion suffer from additional substantive defects. In the Complaint, Plaintiff's claims for relief include copious factual allegations, but fail to identify specific causes of action or the elements thereof. The Court is left to speculate as to what acts or omissions give rise to the alleged liability. It is therefore impossible for the Court to determine whether Plaintiff's allegations meet the applicable standard to establish a substantial likelihood of success on the merits. Moreover, even if the Complaint were more effectively pleaded, the Motion would still fail for its failure to develop argument, cite to supportive authorities, and point to specific facts showing immediate irreparable harm. (*See generally* Doc. 6); Fed. R. Civ. P. 65(b)(1)(A).

For the reasons set forth herein, it is **ORDERED** and **ADJUDGED** that Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 6) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on August 4, 2025.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Unrepresented Party